UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD HOROWITZ, M.D.

                                                 Index No.:

                 Plaintiff,

         -against-                          **COMPLAINT FOR**
                                           **DECLARATORY JUDGMENT**
Howard Zucker, M.D., in his official capacity as      **AND  INJUNCTIVE RELIEF.**
Commissioner of New York State Department of
Health; Keith W. Servis, in his official capacity
as Director of Office of Professional Medical
Conduct; Kendrick A. Sears, M.D., in his
official capacity as Chair of the Board for
Professional Medical Conduct; Carmella Torrelli,
Vice Chair of the Board for Professional Medical
Conduct; Katherine Hawkins, M.D., J.D., Executive
Secretary of the Board for Professional Medical Conduct;
Amy Belawski, RN in her official capacity as
investigator of the OPMC, "John Doe" 1-10 and
"Mary Doe" 1-10, the last two sets of defendants being
fictitious names, the parties intended being the members
of the New York Board of Professional Medical Conduct;
New York State Department of Health,

                   Defendants.
------------------------------------------------------------------------X

       COMES NOW the Plaintiff, Richard Horowitz, M.D. by his undersigned attorney and sets

forth the follows as and for his complaint for permanent injunction under 42 USC Sec. 1983, for a

Preliminary Injunction under FRCP 65 and for a declaratory judgment pursuant to 28 USC Sec.

2201 et. seq.:

## IDENTITY OF THE PARTIES.

1.      Plaintiff is an individual resident of the State of New York. The Plaintiff is licensed to practice medicine in the State of New York pursuant to the medical license issued to him by the authorities of the State of New York and in accordance with the laws of the state of New York. Plaintiff resides and maintains a principal place of business in Duchess County, New York.

2.      The defendant Amy Belawski R.N. ("Belwaski) was and still is at all relevant times hereinabove and hereinafter mentioned an individual and employee, servant and assign of defendant Office of Professional Medical Conduct ("OPMC") and of the New York Department of Health ("DOH") and is being sued herein in her official capacity as an investigator of the OPMC. The defendant Belawski conducts business in the County of Albany and County of New York, State of New York by maintaining an office at 90 Church Street, 4th Floor, New York, NY 10007.

3.      Upon information and belief, and at all the times hereinabove and hereinafter mentioned, the defendant Howard Zucker was and still is the commissioner of DOH (hereinafter "Commissioner").  Upon information and belief, the defendant commissioner has a principal place of business at 90 Church Street, 4th Floor, New York, NY 10007.

4.      Upon information and belief, and at all the times hereinabove and hereinafter mentioned the defendant Keith W. Servis was and still is the director of OPMC (hereinafter "Director").  Upon information and belief, the defendant Director has a principal place of business at has a principal place of business at 90 Church Street, 4th Floor, New York, NY 10007.

5.      Upon information and belief, and at all the times hereinabove and hereinafter mentioned the defendant Kendrick A. Sears, MD ("Sears") was and still is the chairman of the Board

of Professional Medical Conduct "BPMC").  Upon information and belief, the defendant Sears has a principal place of business at 90 Church Street, 4th Floor, New York, NY 10007.

6.      Upon information and belief, and at all the times hereinabove and hereinafter mentioned the defendant Carmella Torelli was and still is the vice chairwoman of the BPMC. Upon information and belief, the defendant Torelli has a principal place of business at 90 Church Street, 4th Floor, New York, NY 10007.

7.      Upon information and belief, and at all the times hereinabove and hereinafter mentioned the defendant Katherine Hawkins, JD ("Hawkins") was and still is an officer and the executive secretary of the Board of Professional Medical Conduct. Upon information and belief, the defendant Hawkins has a principal place of business at 90 Church Street, 4th Floor, New York, NY 10007.

8.      The defendants "John Doe" 1-10 and "Mary Doe" 1-10, are fictitious names, the parties intended being the members of the New York State Board of Professional Medical Conduct. Upon information and belief, the defendants "John Doe" 1-10 and "Mary Doe" 1-1 have a principal place of business at 90 Church Street, 4th Floor, New York, NY, 10007.

## JURISDICTION.

11.      This Court has general original subject matter jurisdiction pursuant to 28 USC Sec. 1331 to adjudicate all the issues raised in this complaint because this action rises under the Fourth Amendment of the US Constitution.

12.      This Court has subject matter jurisdiction to adjudicate Plaintiff's constitutional claims and constitutional challenges under 28 USC Sec. 2201 et. seq. and 42 USC Sec. 1983 under

3

the provisions of 28 USC Sec. 1331. This Court has general subject matter jurisdiction to issue preliminary injunctions pursuant to Fed. R. Civ. P. 65.

**VENUE**

13.     Venue is properly based in the Southern District of New York pursuant to 28 USC Sec. 1391 because the defendants maintain their principal place of business within the territorial venue of this Court at 90 Church Street, New York, NY 10007.

**NATURE OF RELIEF SOUGHT.**

**(i)     Declaratory Judgment 28 USC Sec. 2201 et. seq.**

13.     The Plaintiff seeks a declaratory judgment pursuant to 28 USC Sec. 2201et.seq. granting the following declaratory relief:

(a)     declaring Defendant's demand for medical records made in the letter of March 9, 2018 (Exhibit "A" hereto) as a facially unconstitutional warrantless administrative search which violates Plaintiff's Fourth Amendment rights for all the reasons articulated below in this complaint;

(b).     declaring New York Public Health Law Sec. 230(10)(l) in conjunction with Education Law Sec. 6530(28) facially unconstitutional and violative of the Fourth Amendment of the US Constitution for all the reasons articulated below in this complaint;

(c).     in the alternative, declaring New York Public Health Law Sec. 230(10)(l) in conjunction with Education Law Sec. 6530(28) unconstitutional as applied and violative of the Fourth Amendment of the US Constitution for all the reasons articulated below in this complaint;

(d).     declaring New York Public Health Law Sec. 230(10)(a)(v) facially unconstitutional for providing the defendants with a shield against the Fourth Amendment requirement that they

make a showing that the warrantless administrative search is relevant to the issues being investigated.

**(ii)**     **Injunction pursuant to 42 USC Sec. 1983.**

14.     The Plaintiff is seeking an injunction pursuant to 42 USC Sec. 1983 enjoining the defendants from violating or further causing to violate his Fourth Amendment constitutional rights by proceeding or causing to proceed with the instant warrantless administrative search in the manner and form contained in Exhibit "A" hereto, based upon the fact that the same search in the form propounded violates Plaintiff's Fourth Amendment rights for all of the reasons articulated below.

15.     The Plaintiff is seeking an injunction pursuant to 42 USC Sec. 1983 enjoining the defendants from violating or further causing to violate his Fourth Amendment constitutional rights by subjecting the Plaintiff to the administrative process and to punishment for refusal to produce medical records sought in the demand (Exhibit "A" hereto) without affording the Plaintiff an opportunity for pre compliance judicial review of the demand for medical records.

**(iii)**     **Preliminary injunction pursuant to FRCVP 65.**

16.     The Plaintiff is seeking a preliminary injunction pursuant to FRCVP 65 preliminarily enjoining the defendants from violating or further causing to violate his Fourth Amendment constitutional rights by proceeding or causing to proceed with the instant warrantless administrative search in the manner and form contained in Exhibit "A" hereto, based upon the fact that the same search in the form propounded violates Plaintiff's Fourth Amendment rights for all of the reasons articulated below.

15.     The Plaintiff is seeking an preliminary injunction pursuant to FRCVP65

preliminarily enjoining the defendants from violating or further causing to violate his Fourth Amendment constitutional rights by subjecting the Plaintiff to the administrative process and to punishment for refusal to produce medical records sought in the demand (Exhibit "A" hereto) without affording the Plaintiff an opportunity for pre compliance judicial review of the demand for medical records.

## I.  FACTUAL BACKGROUND.

16.     On or about March 9, 2018 the defendants issued a letter (hereinafter "letter") to the Plaintiff signed by defendant investigator Belawaski. A copy of the letter is annexed hereto as Exhibit "A".

17.     The defendants invoked New York Public Health Law ("PHL") Sec. 230(10)(l) in the letter as the statutory basis for their demand for the production of the entire medical record of patient G.D.

18.     The letter (Exhibit "A") also cited HIPAA regulation 45 CFR Part 164.152 as the legal predicate for the proposition that disclosure of the medical record is allowed for the purposes of civil investigations.

19.     The defendants cited Education Law Sec. 6530(28) for the proposition that the statutory authority subjects a physician to disciplinary action for professional misconduct if the medical record is not provided in its totality within thirty days of the letter. See Exhibit "A" annexed hereto.

20.     The medical record of patient GD contains 428 pages and multidisciplinary complex

medical diagnoses and treatments which may not be relevant to the subject matter of the complaint or of the investigated medical conduct.

21.    Demands for production of business records made by administrative officials amount to warrantless administrative searches which are protected by the Fourth Amendment of the US Constitution.

22.    To be valid and constitutional and in compliance with the Fourth Amendment requirements, a request for medical records must be made through the issuance of an administrative subpoena subject to pre-compliance judicial review.

23.    The present demand for medical records is unconstitutional and it violates the Fourth Amendment of the US Constitution because it has not been made through the issuance and service of administrative subpoena subject to pre-compliance judicial review.

24.    In fact, the demand for medical records in this case was deliberately made in contravention of licensee's fourth Amendment Rights because the defendants deliberately bypassed and ignored their obligations to issue an administrative subpoena pursuant to Public Health Law Sec. 230(k) in order deprive the licensee of the Fourth Amendment mandated pre-compliance judicial review.

25.    Moreover, to be valid under the Fourth Amendment of the US Constitution, in addition to the foregoing requirements, the demand for medical records must be relevant to the issues being investigated or to the subject matter of the complaint.

26.    In their demand for medical records (Exhibit "A" hereto) the defendants failed to articulate any subject matter of the investigation or of the complaint being investigated, let alone

articulate the relevancy for the demand of the entire medical record containing 428 pages. Consequently, the demand violates the Fourth Amendment of the US Constitution.

27.     Because the defendants did not reveal the subject matter of the investigation their motives, the narrowness and relevancy requirements for such request and whether such request is an impermissible "fishing expedition" into plaintiff's business practices in hope of finding violations of the law cannot be ascertained.  Where the defendants frustrate the findings of relevancy and narrowness imposed by the Fourth Amendment in an administrative warrantless search setting, their actions amount to a deprivation of Plaintiff's constitutionally protected Fourth Amendment rights.

28.     The defendants use the statutory provisions of Public Health Law ("PHL") 230(10)(l) in conjunction with the punitive provisions of Education Law 6530(28) for the purposes of conducting a warrantless constructive administrative search while bypassing the rigors of a subpoena and the Fourth Amendment mandates of pre-compliance judicial review.

29.     Any statutory scheme which enables state authorities to obtain medical records for unstated purposes and which do not afford pre-compliance judicial review to the physician or party to whom the request for medical records is directed is facially unconstitutional and must be stricken. Consequently, ("PHL") 230(10)(l) read in conjunction with the punitive provisions of Education Law 6530(28) are facially unconstitutional for failure to provide the licensee with pre-compliance judicial review and for enabling the state officials to bypass the administrative subpoena mandates of the Fourth Amendment while evading judicial review.

30.     In the alternative, the statutory scheme as cited by the defendants of PHL 230(10)(l) and Education Law Sec. 6530(28) is unconstitutional as applied by the defendants to the Plaintiff

because it does not allow pre-compliance judicial review of defendant's demand for records which amounts to an administrative warrantless search.

## AS AND FOR A FIRST CAUSE OF ACTION - DECLARATORY JUDGMENT PURSUANT TO 28 USC Sec. 2201 et. seq.

31.     Plaintiff repeats reiterates and realleges each and every allegation set forth in paragraphs "1" through "30" hereinabove with the same force and effect as if the same was set forth at length herein.

### (i).     In General - Nature of the declaratory judgment sought.

32.     A declaratory judgment under 28 USC Sec. 2201 et. seq. is the proper procedural vehicle to challenge the constitutionality of a statutory scheme which violates the Fourth Amendment.

33.     A declaratory judgment under 28 USC Sec. 2201 et. seq.  is the proper procedural vehicle to challenge unconstitutional acts of state officials which deprive the plaintiff of constitutionally protected Fourth Amendment rights.

34.     Consequently, the Plaintiff is seeking relief in the form of a declaratory judgment pursuant to 28 USC Sec. 2201 et. seq. declaring the rights and liabilities of the Plaintiff and the defendants with respect to the defendant's demand letter of March 9, 2018 (Exhibit "A" hereto).

35.     The Plaintiff specifically requests the issuance of a declaratory judgment declaring defendants' catchall demand for the entire production of 428 pages off the medical record as an unconstitutional warrantless constructive search conducted in violation of Plaintiff's Fourth Amendment rights and pursuant to a facially unconstitutional statutory scheme encompassed by

PHL Sec. 230(10)(l) and Education Law 6530(28) which does not afford the Plaintiff pre-compliance judicial review of the actions of the state authorities.

36.     The Plaintiff further requests the issuance of a declaratory judgment declaring defendants' failure to disclose the subject matter of the complaint being investigated or the issues of the medical conduct being investigated regarding patient GD as a deprivation of Plaintiff's Fourth Amendment rights to ascertain and challenge the Fourth Amendment mandated relevancy and narrowness components of the request for medical records.

37.     The Plaintiff contends that such disclosure of the subject matter of the complaint being investigated is a minimum constitutional Fourth Amendment pre-requisite to any investigation conducted by the defendants to enable the Plaintiff to ascertain and challenge the scope of the request for medical records as it relates to the investigation.

38.     To the extent that the defendants content that PHL Sec. 230(10)(a)(v) shields the defendants' disclosure of the complaint itself and of the issues relating to the subject matter of the investigation the Plaintiff is seeking a declaratory judgment declaring the same provisions facially unconstitutional and violative of the Fourth Amendment protections for enabling the defendants to evade the making of a showing of the relevancy component to the investigation.

39.     The statutory provision of PHL Sec. 230(10)(a)(v) in conjunction with the provisions of PHL Sec. 230(10)(l) facilitates aimless warrantless constructive searches by the authorities into matters which are not related to the subject matter of the investigation without providing the minimum protections of judicial review of the conduct of the state authorities.

40.     At the same time PHL Sec. 230(10)(a)(v) bars the Plaintiff from challenging the relevancy of such warrantless searches and the relevancy of the demand for 428 pages of medical records to the subject matter of the investigations.

41.     For all the foregoing reasons, to the extent that PHL Sec. 230(10)(a)(v) is used by the defendants to shield themselves from judicial scrutiny of the relevancy of the warrantless search for medical records, the same statutory provision is facially unconstitutional. The Plaintiff is seeking a declaratory judgment declaring the foregoing provision facially unconstitutional and violative of the Fourth Amendment by providing the defendants with a shield against the constitutionally mandated showing of the relevancy of the demand for medical records.

42.     In the alternative for the foregoing reasons the Plaintiff is seeking a declaratory judgment declaring PHL Sec. 230(10)(a)(v) unconstitutional as applied to the Plaintiff.

43.     The Plaintiff is further seeking a declaratory judgment declaring the statutory scheme of PHL Sec. 230(10)(l), and Education Law Sec. 6530(28) facially unconstitutional for failure to provide a licensee with pre-compliance judicial review of the warrantless administrative search.

44.     In the alternative, the Plaintiff also demands the issuance of a declaratory judgment with respect to PHL Sec. 230(10)(l), PHL Sec. 230(10)(a)(v) and Education Law Sec. 6530(28) declaring the foregoing statutory scheme unconstitutional as applied for all the reasons articulated hereinabove.

45.     The foregoing statutory scheme is applied by the defendants towards the plaintiff to empower themselves with authority to conduct warrantless searches under the penalty of medical

misconduct while failing to provide a licensee with due process protections enabling him to seek judicial review of defendants' conduct.

**(ii)   The Plaintiff requests a declaratory judgment declaring the aimless request of a medical record which includes 428 pages en. toto. as an act which violates Plaintiff's <u>Fourth Amendment rights.</u>**

46.     Plaintiff requests that this Court grant his demand for the issuance of a declaratory judgment declaring the defendants' request for medical record containing 428 pages without an explanation of the subject matter of the investigation and the purpose of the same as an act which violated Plaintiff's Fourth Amendment rights.

47.     The Plaintiff states that under the provisions of Education Law Sec. 6530(28) and under New York case law, only the parts of the medical record which is relevant to the issues of the investigation or of the complaint being investigated must be released by a licensee to the Plaintiffs.

48.     The Plaintiff further states that under New York law the defendants cannot inquire aimlessly into the practices of the licensee in hopes of finding violations of the law beyond the subject matter and issues of the complaint or of the investigation.

49.     Moreover, the disciplinary process outlined in Public Health Law ("PHL") Sec. 230(10)(a)(i) which provides for the parameters of investigations conducted by the Office of Professional Medical Conduct ("OPMC") empowers the agency to conduct such investigations only when it receives a complaint or when the defendants suspect that professional medical misconduct occurs. In such cases, the medical records demanded still must be relevant to the investigation. See PHL Sec. 230(10)(l) and Education Law Sec. 6530(28).

50.     Once the medical record is obtained, the clinical issues **related to the investigation** are referred out for review by experts. See PHL Sec. 230(10)(a)(ii). Under this statutory section and under the provisions of PHL Sec. 230(10)(a)(i) the defendants are not authorized to obtain medical records in a vacuum and irrespective of its relevancy to the subject matter of the investigation.

51.     Under the existing OPMC demand (Exhibit "A" hereto) and under defendants' cited statutory scheme, the defendants are conducting an unlimited inquiry into 428 pages of medical records without any regard to the relevancy of the subject matter of the complaint being investigated in hopes of finding violations of the law.

52.     The defendants are not entitled to submit an entire 428 pages of medical records for review by defendants' experts irrespective of the issues contained therein and in the absence of a showing of their relevancy to the complaint or medical misconduct being investigated. Under the existing set of facts, the defendants are seeking to conduct an unlimited review of 428 of medical records in hopes of finding violations of the law and in contravention of New York jurisprudence.

53.     The defendants quoted PHL Sec 230(10)(l) as the basis for their request for the entire medical record of patient GD.

54.      However, that statutory section only enables the defendants to obtain and review medical records in any proceeding or investigation conducted by the Board and acting "within the scope of its authorization".

55.     PHL Sec. 230(a)(i) which defines the "scope of the authorization" of defendants' investigative powers. In that statute, the legislature grants permissive authority upon the defendants to investigate **suspected medical professional misconduct** and grants mandatory authority upon

the defendants to investigate **complaints.** In the present case no suspected medical conduct and no particular complaint were articulated to exist by the defendants. See exhibit "A".

56.    PHL Sec. 230(a)(ii) mandates that the defendants submit for review by medical experts issues of clinical practice. None of the foregoing statutes provides that the defendants can inquire into medical conduct or issues which are neither suspected not contained in the complaint.

57.    Defendants' March 9, 2018 demand asking for complete medical records of patient GD consisting of 428 pages and made under the threat of discipline for professional misconduct in the event of failure to respond, is an act taken which violates Plaintiff's Fourth Amendment rights. Neither PHL Sec. 230(a)(i) nor PHL Sec. 230(a)(ii) empower the OPMC to conduct an unlimited inquiry into 428 pages of medical records irrespective of the relevancy of the issues being investigated to the subject matter of the complaint or to the suspected medical misconduct allegedly being investigated.

58.    Because the defendants refuse to disclose the actual complaint and the issues regarding the investigation and because the defendants are in exclusive possession and control of the information regarding  issues of the complaint and of the investigation, there is no way for the Plaintiff  to ascertain whether the blanket request for 428 pages of medical records made under the format of defendants' letter (Exhibit "A" annexed hereto) is relevant to the issues under investigation or not or I the demand for medical records is narrowly tailored to enable the plaintiff to produce only the relevant part of the medical record which pertains to the issues of the complaint or of the suspected medical conduct being investigated.

14

59.     The defendants cited Education Law Sec. 6530(28) as authority for subjecting the Plaintiff to discipline if he does not capitulate to the blanket demand for 428 pages of medical records.

60.     However, the disciplinary statute Education Law Sec. 6530(28) only provides the defendant with substantive grounds to commence disciplinary proceedings against a licensee who does not submit "**any relevant records with respect to an inquiry or complaint about the licensee's professional misconduct**.". (Emphasis supplied).

61.     Rather than providing the Plaintiff with the information which would establish the relevancy of the request of the entire 428 pages record, the defendants did nothing but to demand the entire record pursuant to what is an unconstitutional statutory scheme which does not allow for pre-compliance judicial review of the administrative warrantless search. Consequently, the defendants themselves precluded the Plaintiff from either providing relevant medical records or from seeking judicial review of the demand based on relevancy grounds.

62.     Defendants' foregoing practices violate Plaintiff's constitutionally protected Fourth Amendment rights. For all of the foregoing reasons the Plaintiff demands relief in the form of a declaratory judgment pursuant to 28 USC Sec. 2201 et. seq. declaring defendant's demand for medical records facially unconstitutional.

**(iii)    The existing statutory scheme of the Public Health Law Sec. 230 and Education Law Sec. 6530(28) which empower the defendants to aimlessly seek, obtain and examine medical records irrespective of the relevancy of the same is facially unconstitutional <u>and should be stricken and declared unconstitutional.</u>**

63.     The existing statutory scheme cited by the defendants in their letter (Exhibit "A" hereto) pursuant to which they are seeking to compel the production of medical records is facially

or in the alternative "as applied" unconstitutional.

64.     The Plaintiff is seeking a declaratory judgment declaring the statutory scheme  PHL Sec. 230(10)(l) in conjunction with Education law Sec. 6530(28) facially and in the alternative "as applied" unconstitutional for  the following reasons: (1) the statutory scheme violates Plaintiff's Fourth Amendment rights because it is used by the defendants to bypass the subpoena requirements associated with a warrantless administrative search; (2) the statutory scheme violates the Fourth Amendment because it subjects the Plaintiff to punishment and prosecution under Education Law Sec. 6530(28) without affording the Plaintiff pre compliance judicial review of defendants;' request for medical records.

65.      In general, the existing statutory schemes of PHL Sec. 230(10)(a)(i), PHL Sec. 230(10)(a)(ii), PHL Sec. 230(10)(l) and Education Law Sec. 6530(28) empower the state authorities to request, obtain and examine medical records under the penalty of discipline without affording the Plaintiff with any statutory, regulatory or any type of an opportunity to launch and seek a pre compliance judicial review to the relevancy or scope the demand for medical records.

66.     The foregoing statutory scheme also empowers the state authorities to bypass the necessity for the issuance of a subpoena as required by the minimum tenets of the Fourth Amendment of the US Constitution in the conduct of the warrantless administrative constructive search. It also allows the defendants to evade any judicial accounting at all regarding the scope and nature of the investigation and the reason of the same.

67.     In order to meet minimum constitutional Fourth Amendment protections, the warrantless administrative constructive search provided by the provisions of PHL Sec. 230

16

articulated above, has to provide the Plaintiff with an opportunity to pre-compliance judicial review of the warrantless administrative search before he is subjected to discipline under Education Law Sec. 6530(28) for failure to cooperate.

67.     That is not the case here.  No Fourth Amendment statutory protections are afforded to a licensee under investigation at the inception of the investigation where a warrantless search is conducted under the form of a written demand for records under the threat of disciplinary action.

68.     Any statutory scheme which enables an administrative agency to demand business records subject to punishment, and without pre-compliance judicial review of the relevancy and narrowness of the demand for medical records is facially unconstitutional.

69.     In addition to the foregoing constitutional deficiencies, the New York statutory scheme has an additional provision which enables the defendants to evade the minimum Fourth Amendment requirements of pre-compliance judicial review, narrowness and relevancy.

70.     The provisions of PHL Sec. 230(a)(10)(v) make the investigative files of the OPMC confidential and subject to non-disclosure "to anyone except as provided by law in a pending disciplinary proceeding".

71.     To maintain its constitutionality, this provision cannot not be construed to obliterate Plaintiff's constitutionally protected right to obtain specific information regarding the issues of the complaint or the medical conduct being investigated for the purposes of challenging the scope or purpose or relevancy of the warrantless search.

72.     To the extent that the provisions of PHL Sec. 230(a)(10)(v) do provide that the state officials do not need to disclose the subject matter of the investigation and the complaint being

investigated to the licensee to enable the licensee to judicially challenge the relevancy or narrowness of the warrantless search, the statutory provision is facially unconstitutional.

73.     Here the warrantless constructive administrative search is conducted under the color of PHL Sec. 230(10)(a)(i), PHL Sec. 230(10)(a)(ii), PHL Sec. 230(10)(l) and under the threat of discipline administered through the substantive provisions of Education Law Sec. 6530(28).

74.     To the extent that the Court construes PHL Sec. 230(a)(10)(v) not to bar disclosure of the complaint and of the issues related to the investigation to the Plaintiff, the same is unconstitutional as applied where the defendants invoke the statute to shield themselves from disclosure of the foregoing information.

75.     For all the foregoing reasons, the Plaintiff is seeking the issuance of a declaratory judgment pursuant to 28 USC Sec. 2201 et. seq. declaring the warrantless search scheme of Sec. 230(10)(l) under the threat of disciplinary sanctions to be imposed under Education Law Sec. 6530(28) facially unconstitutional and in the alternative, unconstitutional "as applied" because the same statutory scheme does not provide the Plaintiff and/or any licensee with the minimum constitutional protections of the Fourth and Fourteenth amendments of the US Constitution as alleged hereinabove.

76.     For all of the foregoing reasons the Plaintiff requests that the Court issue a declaratory judgment pursuant to 28 USC Sec. 2201 et. seq. as follows:

(a)     Declaring the demand for medical records dated March 9, 2018 (Exhibit "A" hereto) illegal, and unconstitutional as the same violates Plaintiff's rights under the Fourth Amendment against unreasonable administrative warrantless constructive searches because (i) the demand for

records was not made by an administrative subpoena subject to pre compliance judicial review; (ii) the demand for records in the form propounded was calculated to bypass the subpoena mandates of the Fourth Amendments applicable to warrantless administrative searches; (iii) the demand for records fails to provide the Plaintiff with pre compliance judicial review.

(b)     Declaring defendant's practices in seeking and demanding production of medical records under PHL 230(10)(l) under the threat of disciplinary action brought under Education Law Sec. 6530(28) as illegal, unconstitutional and null and void as a matter of law because the demand was made under the provisions of an unconstitutional statutory scheme which does not afford the Plaintiff pre compliance judicial review of defendants' warrantless administrative search prior to subjecting him to punishment for non-compliance.

(c)     Declaring defendant's practices in seeking and demanding production of medical records under PHL 230(10)(l) under the threat of disciplinary action brought under Education Law Sec. 6530(28) as illegal and unconstitutional because the defendants bypassed the issuance of an administrative subpoena in order to evade judicial scrutiny of the reasonableness and relevancy of their request and therefore they violated and are about to violate Plaintiff's Fourth Amendment rights.

(d)     Declaring the statutory scheme of PHL Sec. 230(10)(l) in conjunction with Education Law Sec. 6530(28) facially unconstitutional and violative of the minimum protections of the Fourth Amendment of the US Constitution. The foregoing statutory scheme enables the defendants to conduct warrantless administrative searches without the issuance of subpoenas and without providing pre-compliance judicial review of the subpoena.

(e)     Declaring PHL Sec. 230(10)(l) unconstitutional as applied in conjunction with Education Law Sec. 6530(28) to the extent that the defendants invoked those statute to obtain for no stated reason 428 pages of medical records without affording the Plaintiff judicial review of the reasonableness and relevancy of the request for the same records.

(f)     Declaring PHL Sec. 230(10)(a)(v) facially unconstitutional and in the alternative unconstitutional as applied to the extent that the defendants invoke the same statute as a pretext for the failure of the disclosure of the issues of the complaint being investigated.

(g)     Declaring the letter demand of March 9, 2018 as illegal and unconstitutional for deliberately concealing and omitting the purpose and subject matter of the issues being investigated so as to allow the Plaintiff to ascertain which part of the 428 pages medical record is relevant to defendants' inquiry.

(h)     A declaratory judgment pursuant to 28 USC Sec. 2201 et. seq. in the form and substance set forth above in this complaint with respect to the unconstitutional application of the foregoing statutes.

### AS AND FOR A SECOND CAUSE OF ACTION - PERMANENT INJUNCTION PURSUANT TO 42 USC Sec. 1983.

77.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "76" above with the same force and effect as if the same were set forth at length herein.

78.     42 USC Sec. 1983 confers subject matter jurisdiction upon federal courts to issue permanent injunctions to enjoin violations of constitutionally protected rights.

79.     The administrative warrantless constructive searches facilitated by the provisions of PHL Sec. 230(10)(a)(i) and PHL Sec. 230(10)(a)(ii) and   PHL Sec. 230(10)(l) under the penalty of disciplinary action for non-compliance imposed pursuant to Education Law Sec. 6530(28) are subject to the protections of the unreasonable government searches of the Fourth Amendment of the US Constitution and New York Constitution Article I Sec. 12.

80.     Federal Courts issue injunctions to prevent violation of constitutional rights by state officials through actions and acts taken pursuant to state statutes or statutory schemes which are applied in an unconstitutional manner or which are facially unconstitutional.

81.     In the present case the Plaintiff complains that the state officials acted and are about to act in violation of Plaintiff's Fourth Amendment rights for all of the reasons articulated hereinabove in this complaint

82.     In effect the defendants launched an open ended indiscriminate fishing expedition into a 428-page record and into Plaintiff's practice of medicine in hopes of finding violations of the medical misconduct statute Education Law Sec. 6530. That is impermissible under New York law and it amounts to a violation of Plaintiff's Fourth Amendment rights.

83.     The defendants did not make a showing of relevancy for their request of the entire medical record containing 428 pages in the March 9, 2018 letter (Exhibit "A" hereto).

84.     No provision of PHL Sec. 230 or Education Law Sec. 6530 enable the defendants to conduct an open-ended inquiry into a 428-page medical record or into any size medical record in hopes of finding violations of the law.

85.     In fact, New York law prohibits the defendants from obtaining records which are irrelevant to the subject matter of the complaint or of the inquiry.

86.     Defendants' indiscriminate request of 428 pages of medical records in the form propounded (Exhibit "A" hereto) violates and continues to violate Plaintiff's Fourth Amendment rights because: (i) the demand was made without the issuance of an administrative subpoena subject to a pre compliance judicial review; (ii) the demand fails to articulate the relevancy and the narrowness element mandated by the Fourth Amendment warrantless searches; (iii) the demand fails to provide the Plaintiff with any pre compliance judicial review; (iv) the demand was made pursuant to a facially unconstitutional statutory scheme which does not afford the licensee pre compliance judicial review; (v) in the alternative the demand was made under an "as applied" unconstitutional statutory scheme which bypasses the mandatory issuance of an administrative subpoena and pre compliance judicial review.

87.     Moreover, the defendants applied and continue to apply the provisions of   PHL Sec. 230(10)(l) under the penalty of disciplinary action for non- compliance imposed pursuant to Education Law Sec. 6530(28) to effectuate a warrantless administrative search while depriving the Plaintiff of constitutionally protected Fourth Amendment rights as set forth above.

88.     For all the foregoing reasons the Plaintiff states that his Fourth Amendment of the federal Constitution are about to be violated by defendants' conduct as articulated hereinabove in this complaint.

89.     Consequently, the Plaintiff demands the issuance of a permanent injunction pursuant to 42 USC Sec. 1983 permanently enjoining the defendants form violating Plaintiff's Fourth

Amendment rights by conducting a warrantless administrative search without a judicially reviewable subpoena and under a statutory scheme which is facially or in the alternative as applied unconstitutional.

90.    Plaintiff further requests the issuance of an injunction pursuant to 42 USC Sec. 1983 enjoining the defendants from proceeding or causing anyone to further proceed with the license disciplinary process against the Plaintiff pursuant to Education Law Sec. 6530(28) pending the judicial review and resolution of Plaintiff's instant claims inasmuch as such proceedings which subject the Plaintiff to punishment without pre compliance judicial review are unconstitutional and violate Plaintiff's Fourth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION – PRELIMINARY INJUNCTION PURSUSNT TO FER. R. CIV. P. 65.

91.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "90" above with the same force and effect as if the same were set forth at length herein.

92.    The Plaintiff is seeking a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) preliminarily enjoining the defendants from doing or causing to do any of the following acts which are about to further violate plaintiff's Fourth Amendment rights:

(i)    Seek then production of medical records of patient GD in the form of the demand for medical records dated March 9, 2018 based upon the grounds that said demand violates and is about to violate Plaintiff's Fourth Amendment rights for the following reasons: (i) the demand is a warrantless administrative search which fails to comport with the minimum Fourth Amendment protections and requirements;

(ii) the demand is made pursuant to a facially unconstitutional statutory scheme encompassed in PHL Sec. 230(10)(l) and Education law 6530(28) which fails to provide the Plaintiff with pre-compliance judicial review;

(iii) in the alternative, the demand is made pursuant to an "as applied" unconstitutional statutory scheme encompassed in PHL Sec. 230(10)(l) and Education law 6530(28) which fails to provide the Plaintiff with pre compliance judicial review; (iv) the demand fails to disclose and articulate the elements or relevancy and narrowness mandated by the Fourth Amendment; (v) the demand subjects the Plaintiff to punishment and administrative proceedings under Education Law 6530(28) without affording the plaintiff pre compliance judicial review of the warrantless administrative search.

93.    In support of the application for a preliminary injunction the Plaintiff alleges that he has shown the existence of all of the elements which militate in favor of the issuance of such temporary relief.

94.    Specifically, the Plaintiff satisfied the requirement of irreparable injury. A violation of Plaintiff's Fourth Amendment rights amounts to irreparable injury as a matter of law.

95.    The likelihood of success on the merits element here merges in with the element of irreparable injury.

96.    Specifically, here the Plaintiff is likely to succeed on the merits of his claims because: (i) the demand for medical records violates and is about to further violate Plaintiff's Fourth Amendment rights for all of the reasons articulated in this complaint; (ii) the demand was made pursuant to a facially unconstitutional or in the alternative and "as applied" unconstitutional

statutory scheme for all of the reasons articulated above in this complaint.

97.    The balance of hardships militates in favor of the issuance of a preliminary injunction.

98.    The defendants have not articulated any specific relevancy, reason or substance of the complaint or of the medical conduct which they are allegedly investigating. In short, they have articulated no particular reason for the demand for medical records other than their general allegations that they have authority to investigate complaints.

99.    The defendants violated and are about to violate Plaintiff's Fourth Amendment rights as articulated above.

100.    The defendants do not have a right to violate Plaintiff's Fourth Amendment rights under any circumstances therefore they will suffer no harm if a preliminary injunction is issued

101.    If a preliminary injunction does not issue the Plaintiff will suffer immediate irreparable harm as the defendants will continue to violate his Fourth Amendment rights by subjecting him to an unconstitutional warrantless search and to punishment pursuant to Education Law 6530(28) without pre-compliance judicial review.

102.    For all of the foregoing reasons, the balance of hardships militates in favor of the issuance of a preliminary injunction.

103.    In addition, the public interest is served by the issuance of a preliminary injunction. The upholding of constitutional rights is in the public interest.

104.    For all of the foregoing reasons, Plaintiff's request for a preliminary injunction in the form and substance articulated hereinabove should be granted in its entirety.

## THE PARADIGMS OF ADMINISTRATIVE EXHAUSTION
## <u>ARE INAPPLICABLE TO THE PRESENT CASE</u>.

105.    The legal paradigms of administrative exhaustion are inapplicable in this case because: (a) the present action contains a claim pursuant to 42 USC Sec. 1983 wherein administrative exhaustion does not apply; (b) the constitutionality and legality of the acts and actions of the administrative officials are called into question and alleged to have been in excess of the powers and subject matter jurisdiction of the state agencies and officials; (c) the constitutionality of New York statutory schemes recited above is called into question; (d) there are no adequate administrative remedies to exhaust because: (i) the defendants do not have the authority to adjudicate the legality an constitutionality of statutory schemes such as the ones called into question in this case; (ii) the defendants have no power or subject matter jurisdiction to issue injunctions pursuant to 42 USC Sec. 1983; (iii) requiring the Plaintiff to exhaust administrative remedies which do not exist invokes the futility exception.

## **CONCLUSION**

WHEREFORE for all of the above referenced reasons the Plaintiff requests that his request

for relief in for a declaratory judgment pursuant to 28 USC Sec. 2201, for a permanent injunction

pursuant to 42 USC Sec. 1983 and for preliminary injunction pursuant to Fed. R. Civ. P. 65 in the

form and substance set forth hereinabove should be granted in its entirety.

Dated: New York, NY
April 16, 2018

> Attorney for the Plaintiff
> LAW OFFICES OF JACQUES G. SIMON
>  /s/Jacques G. Simon
> Jacques G. Simon, Esq.,
> SDNY Bar No.  JS 9212
> 100 Jericho Quadrangle, Suite 208
> Jericho, NY 11753
> Phone: (516)378-8400
> Fax:    (516)378-2700
> Email: jgs@jacquessimon.com