I537HORC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

RICHARD HOROWITZ,

                    Plaintiff,

          v.                              18 CV 3312 (JMF)

HOWARD ZUCKER, et al.,

                    Defendants.

------------------------------x
                                        New York, N.Y.
                                        May 3, 2018
                                        4:00 p.m.

Before:

                    HON. JESSE M. FURMAN,

                                        District Judge

                         APPEARANCES

JACQUES G. SIMON
     Attorney for Plaintiff

NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
     Attorneys for Defendants
BY:  SOFYA UVAYDOV
     JAMES HERSHLER

ALSO PRESENT:  HENRY WEINTRAUB

1              (Case called)

2              THE DEPUTY CLERK:  Counsel, please state your name for

3      the record.

4              MR. SIMON:  Jacques Simon for Dr. Horowitz.

5              MS. UVAYDOV:  Sofya Uvaydov from the New York State

6      Attorney General's office for the defendant.

7              MR. HERSHLER:  James Hershler, also of the Attorney

8      General's Office.

9              MR. WEINTRAUB:  Henry Weintraub.  I'm here on behalf

10     of the Department of Health, here for moral support.

11             THE COURT:  Are you a lawyer?

12             MR. HERSHLER:  Yes.

13             THE COURT:  And admitted to the bar?

14             MR. HERSHLER:  I was a long time ago.  I don't know

15     whether it's lapsed or not.  I haven't appeared in federal

16     court for several years.  So I don't know whether it's

17     considered active or not.

18             THE COURT:  Well, on the theory that you're not going

19     to do any speaking, I'll let you stay for there today.  But if

20     you attempt to appear in this case and sit at counsel table,

21     you should make sure you're an active member of this Court's

22     bar.

23             I received the defendants' letter of May 2 in response

24     to the current application which is for an order to show cause.

25     It raises a few arguments for why I should not sign the

1    proposed order to show cause, which is, number one, the

2    plaintiff has not yet served defendants and, therefore, I lack

3    personal jurisdiction over the defendants.  Second, that the

4    Younger extension doctrine applies; and third, that the

5    plaintiff can't demonstrate a likelihood of success on the

6    merits.

7           I assume the service issues have not changed since

8    yesterday.

9           MR. SIMON:  Correct, Judge.  This was a short-notice

10   order, and I did the best I could, which was on Thursday, I

11   FedEx'd over to everybody the proposed order and everything

12   else, and they maintain that the order to show cause has to be

13   served in hand by process server.

14          Now, the summonses and everything else is a separate

15   issue because I sent to them waivers.  But I've done business

16   with them before, and that hasn't been an issue.  This is the

17   first time when it is.

18          THE COURT:  I don't know if the issue is the service

19   of the order to show cause so much as it is the service of the

20   summons and complaint which has to be done in accordance with

21   the federal rules, and in the absence of proper service, there

22   is a valid argument that I lack personal jurisdiction.

23          So I recognize it was a short timeframe that I gave in

24   the order, but that's only because I got a motion for

25   preliminary injunctive relief which is normally something that

1  should be acted upon relatively quickly, and I figured that was

2  your intention.

3        MR. SIMON:  If that is an issue, if service is an

4  issue, I was wondering if I can get an extension to reserve

5  it because I have to service the order to show cause in Albany

6  because they're not accepting it here.

7        THE COURT:  I think you don't need an extension of the

8  deadline to serve the summons and complaint.  You have 90 days

9  under Rule 4(m), and that hasn't yet run.  One possibility is

10 that we should wait until you serve the summons and complaint,

11 and then we can proceed from there.

12       On the other hand, everybody is here.  For reasons

13 that I'm happy to articulate, it may be that I can figure out

14 what to do here.  So let's put the service issues to the side

15 for a moment, which is not to say that I don't treat the

16 defendants' appearance here today as a waiver of their

17 arguments on personal jurisdiction.  Those are preserved, as

18 far as I'm concerned.

19       The questions in my mind are whether we need to and

20 should set a briefing schedule and, if so, what it should be,

21 keeping in mind the potential service issues as well.

22       Let me just address the two of the other issues.  One

23 is the Younger extension argument.  You can have a seat for a

24 moment, Mr. Simon.

25       My problem with that argument is that -- correct me if

1  I'm wrong -- I don't think there are any proceedings currently

2  pending in state court.  I don't think that the doctrine

3  extends to the possibility of proceedings being initiated.

4      I think it is basically a doctrine that says federal

5  courts shouldn't interfere with ongoing proceedings, but where

6  there are no ongoing proceedings -- they're just threatened --

7  I don't think the doctrine applies.

8      Am I wrong?

9      MS. UVAYDOV:  Your Honor, there are two distinctions.

10  One is plaintiff is saying that the service of the subpoena

11  itself is what he's challenge -- I apologize.  Not the

12  subpoena.  The document request.  That was in itself part of

13  the state investigation, the OPMC's investigation following the

14  complaint.

15      So he's trying to enjoin the Department of Health and

16  the OPMC from ever continuing its investigation into the

17  complaint or initiating any misconduct proceedings based on the

18  letter.

19      THE COURT:  The Younger extension doctrine is a

20  doctrine that's rooted in essentially comedy for state court

21  proceedings.  I don't think it extends to a state court

22  investigation.  Does it?

23      MS. UVAYDOV:  I believe we have cited cases that do

24  say that the DOH's process of investigating complaints of

25  misconduct does satisfy Younger.

1          Actually, we have cases, *Cameron v. Zucker* where it

2    was the same thing, the investigation into a doctor's

3    misconduct.  The proceeding within the OPMC in the DOH, and the

4    court did find that that was subject to Younger.

5          THE COURT:  No.  There was an actual hearing that was

6    going to take place in that case, and the issue was whether the

7    court could properly enjoin those proceedings.  In other words,

8    the proceedings had actually begun.  So I don't think that that

9    stands for the proposition that you're citing it for.

10         MS. UVAYDOV:  Well, Your Honor, plaintiff is asking

11   specifically for the DOH to be unable to continue to bring

12   misconduct charges.

13         THE COURT:  Right.  I think if you had filed charges

14   and there was some sort of hearing date, then the Younger

15   extension probably would apply.  But I think it probably

16   doesn't apply at this stage.

17         Let me put that to the side for a moment and ask you a

18   question, Mr. Simon, because the gravamen of your entire

19   argument and complaint is that your client is entitled to a

20   pre-compliance review before a neutral decision-maker.  You

21   cite the Supreme Court's decision in city of *Los Angeles v.*

22   *Patel* in support of that argument.

23         Doesn't he have that here in the form of an Article 78

24   proceeding?

25         MR. SIMON:  No, Judge.  As a matter of fact, there are

1    two issues here.  We are challenging the statutory basis based

2    upon which they are making the request because *Donovan*, which I

3    cited, says clearly that these demands -- and they used to do

4    that in 1993 in this state.  These demands have to be made

5    through a subpoena subject to a challenge before a judge.

6         When they don't do the subpoena -- and this is why

7    they're bypassing everything.  When they don't do the subpoena,

8    they are not affording anybody pre-compliance proceedings.

9         So pretty much what they're saying is exactly what the

10   Court of Appeals in *Morales*  said they shouldn't be doing.

11   Just because they have the authority to investigate, it doesn't

12   mean that they shouldn't be do it by a subpoena that is subject

13   to the Fourth Amendment requirements that is subject to the

14   challenge before an impartial adjudicator.  They no longer use

15   the subpoena.  They no longer tell you the relevancy of the

16   requirements.  They just say, just like *Patel*, give us medical

17   records.

18        THE COURT:  Except the difference is that the issue in

19   *Patel* is that under the Municipal Code there, the police were

20   entitled to essentially demand the hotel records, and if the

21   hotel operator refused to comply, they were subject to "arrest

22   on the spot," which is to really say that there was absolutely

23   no opportunity for pre-compliance review.

24        Here you get a request under Section 230(10)(L), and

25   you have 30 days in which to comply.  But that also gives you

1   30 days to seek judicial review in the form of an Article 78

2   proceeding.  So it's a very different scheme.

3          I would think that if an Article 78 proceeding is

4   available under state law, these are arguments that can be made

5   in that context, and you are provided the due process that the

6   Supreme Court says you're entitled to.

7          So what am I missing here?  In particular, there is a

8   case that I think defendants do cite in their letter, *Michaelis*

9   *v. Graziano*, 5 NY3d 317, a 2005 Court of Appeals decision which

10  says number one -- granted, it's under a different subsection

11  of Section 230(10) but one would think that the reasoning would

12  apply here as well, that there is no subpoena requirement that

13  should be inferred in this statute and that reading that

14  subsection to require a subpoena as opposed to a more informal

15  request of the sort here would inhibit OPMC's ability to

16  investigate authority that the legislature intended OPMC to

17  have.  I would think that that answers -- or at least goes a

18  long way to answering -- your suggestion that a subpoena is

19  required.

20         Secondly, in *Michaelis,* that arose in the context of

21  an Article 78 proceeding.  The recipient of the CMR -- I can't

22  remember what a CMR stands for, but it's akin to the request

23  here -- challenged the compliance with the CMR in an Article 78

24  proceeding, and it went all the way up to the New York Court of

25  Appeals.

1       Why is that not the due process that your client is

2    entitled to?

3       MR. SIMON:  Except that, Judge, here they're just

4    bypassing that, and they're telling the physician pretty much,

5    if you do not give us the medical records, we are going to

6    punish you by subjecting you to medical discipline.

7       And that's exactly what *Patel* was.  Okay.  Over there

8    they arrested them, and they dragged them out of the hotel.

9    Over here they are subjecting them to disciplinary proceedings

10   without the physician being able to challenge the action of

11   the --

12      THE COURT:  But that's nonresponsive, Mr. Simon.  I'm

13   saying that under the statutory scheme, Section 230, your

14   client has 30 days in which to comply.

15      In that 30-day period, does he not have the right and

16   ability to file an Article 78 proceeding seeking review and

17   adjudication of whether he's to comply and whether the

18   statutory scheme violates due process?

19      MR. SIMON:  Not without a subpoena, Judge, says

20   *Donovan*.

21      THE COURT:  And you cite *Donovan* in your memorandum?

22      MR. SIMON:  Yes.

23      THE COURT:  Where is it?  I have to say, Mr. Simon,

24   going forward, you better comply with my rules and the local

25   rules because I found it quite annoying that, number one, your

1   memorandum is longer than the local rules permit.  Number two,

2   it's not text searchable which my rules require.  Number 3, it

3   doesn't have a table of contents.  Number 4, it doesn't have a

4   table of authority.  If you're telling me to look up a

5   citation, it's very hard to do that, given your failure to

6   comply with those rules.  Going forward, make sure you don't do

7   any of that.

8           Where is *Donovan* cited?

9           MR. SIMON:  Page 23.

10          THE COURT:  Bear with me.  I'm trying to get the case

11   but having some technical difficulties.

12          MR. SIMON:  Your Honor, in pages 14 and 19, I'm

13   discussing the necessity of having to issue a subpoena when

14   they're requesting any type of records.

15          THE COURT:  Can you draw my attention in *Donovan* to --

16          MR. SIMON:  Yes.  I'm working on it right now.  It is

17   at page 17.

18          THE COURT:  Page 17 of your memorandum?

19          MR. SIMON:  Page 17 of the memorandum and also -- it

20   has to do with relevancy.

21          THE COURT:  Again, I don't think you're answering my

22   question which is why are these arguments that your client

23   couldn't make in an Article 78 proceeding?

24          In other words, this is not like the scheme at issue

25   in *Patel* where the operator is forced to comply on the spot and

1    failure to do so can result in his arrest.  Your client has 30

2    days in which to seek review of this before facing any sort of

3    punishment or penalty even proceeding.

4           MR. SIMON:  That's not what the statute says.  It

5    provides no review and the only review, says *Donovan*, that's

6    provided is when a subpoena is issued.  They do have a section

7    pursuant to which a subpoena is issued, but they're not doing

8    that.

9           THE COURT:  But doesn't *Michaelis -- Michaelis* is an

10   Article 78 proceeding.

11          MR. SIMON:  *Michaelis* stands for a comprehensive

12   medical review, Judge, which is different than what it is that

13   they're trying here.  A comprehensive medical review has to do

14   with an administrative order that's issued by the director of

15   the OPMC, and they come and review the entire practice which is

16   completely different than a request for medical records.

17          THE COURT:  But what is the basis to believe that that

18   could be challenged in an Article 78 proceeding but the receipt

19   and compliance with the request that your client received here

20   cannot be?

21          MR. SIMON:  There's an order -- in that case, there's

22   an order that's being issued by the director of the OPMC that

23   can be charged in an Article 78 proceeding.  Here there is

24   nothing.

25          THE COURT:  Here there is a letter which says you have

1    to give us these records within 30 days, or that can give rise

2    to a finding of misconduct.

3          So why is that not an order?

4          MR. SIMON:  It's not an order.  It's a request.  It's

5    not a subpoena, and it's not an administrative order.  It's not

6    an administrative action.  It's a threat that they will subject

7    him to discipline if he doesn't comply with their demand.

8          There is no administrative action that I can put under

9    an Article 78.  Article 78 speaks of an administrative action.

10   72 is the prohibition which is officials acting in excess of

11   their subject matter jurisdiction.

12         So when an order is issued by the OPMC for a

13   comprehensive medical review, that is an administrative action,

14   and whether or not that is in excess of their subject matter

15   jurisdiction is something for the courts to review under

16   Article 78.

17         It's not the same as a request for a certain medical

18   records where they have to show relevancy and everything else

19   which they are not showing in this letter.  They used to say,

20   we got a complaint, and this is what we are investigating.

21         Here they are depriving any physician from any

22   opportunity to be compliant with judicial review because if you

23   go to a judge with this letter, Judge, what is the relevancy?

24   How does one prove the relevancy?

25         There is nothing to challenge.  They're bypassing the

1    entire Fourth Amendment, and they have to show the relevancy,

2    and it's got to be narrow.  For example, Judge, if there is a

3    428-page medical record and only 10 of those pages are

4    responsive to what they are investigating, why are they

5    entitled to the rest? *Morales* says so and everything else.

6              THE COURT:  Again, you may be right on that score, but

7    the question, for my purposes, is whether that's something that

8    you can challenge under state law in an Article 78 proceeding.

9              So, defense counsel, can you speak to that.

10             MS. UVAYDOV:  Yes, your Honor.  Again, I think *Patel*

11   goes to facial challenges of the statute and whether the scheme

12   allows for pre-compliance review.  Now, as your Honor points

13   out, the statute, 230, has multiple avenues for the OPMC to

14   investigate.  It can be a subpoena under section K, it can be a

15   CMR review if they issue it, or it can be this letter.

16             Now, if it's a subpoena, there's C.P.L.R. 2304 where

17   he can bring a motion in Supreme Court.  If it is this letter,

18   there is an Article 78 proceeding.

19             Plaintiff is now saying, well, I can't challenge it.

20   There is no indication that he tried to bring an Article 78 and

21   he was told that he can't challenge it.  He's making the

22   supposition that he can't challenge it, but it is an

23   administrative requirement.  It's an administrative decision to

24   ask him for these documents.

25             Now, if plaintiff came here and said, I brought an

1    Article 78 and it got dismissed because of some reason, because

2    it wasn't sufficient grounds or it wasn't a final action or an

3    order, that would be different.  But there is no case law that

4    says that he can't bring it as an Article 78.  Other Article

5    78s were permitted for similar investigative tools.

6                THE COURT:  And your authority on that score is

7    *Michaelis?*

8                MS. UVAYDOV:  Yes.

9                THE COURT:  Mr. Simon, what is your authority for the

10   proposition that an Article 78 proceeding was not available to

11   your client here?

12               MR. SIMON:  I differentiated *Michaelis*, Judge, because

13   that's the only thing that they brought in, and I cited

14   *Donovan*, *See v. Seattle*, and *Patel*.

15               THE COURT:  *Donovan* is a U.S. Supreme Court case.  It

16   doesn't speak to whether an Article 78 proceeding is a viable

17   route for your client to challenge this under New York state

18   law.

19               MR. SIMON:  But I need something to challenge, Judge,

20   if I don't have relevancy and I don't have anything that the

21   subpoena provides.

22               THE COURT:  I'm asking a procedural question.  The

23   question is whether under state law you have a means to

24   challenge this.  There is ample authority for the proposition

25   that if you can bring an Article 78 proceeding before

1    compliance is required, that that satisfies the due process

2    requirements, and then there is no due process problem.

3            So you can't cite a U.S. Supreme Court case for the

4    proposition that there has to be relevancy for an investigative

5    request.  The question is where you can make that challenge.

6    If you can make that challenge prior to compliance, then under

7    state law you're likely to succeed on your due process

8    challenge.

9            MR. SIMON:  Judge, also we're challenging the

10   statutory scheme altogether.  At page 24 I cited Second Circuit

11   cases saying that an Article 78 proceeding is not the proper

12   vehicle to challenge the statutory scheme.

13           THE COURT:  What's the grounds to get preliminary

14   injunction on that basis?  In other words, if you have the

15   ability to challenge the application in this particular case in

16   the form of an Article 78 proceeding, that's the route that

17   your client should take, not seeking a preliminary injunction

18   preventing the defendants from pursuing their investigation at

19   all.

20           MR. SIMON:  Judge, preliminary injunctions based upon

21   unconstitutional statutory provisions are subject to federal

22   court review.

23           THE COURT:  Yes.

24           MR. SIMON:  That's why I'm here, because I'm saying

25   that 230(l), in conjunction with Education Law 6530(28), is

1    unconstitutional because it does not provide judicial review.

2         THE COURT:  I think the predicate of that article is

3    that you cannot bring an Article 78 proceeding under state law.

4    So the question that I keep returning to -- and I don't think

5    I've gotten an answer -- is what is your authority for the

6    proposition that your client could not bring and challenge this

7    letter in an Article 78 proceeding?

8         Because *Michaelis* certainly suggests to me that he

9    could.  *Michaelis* is similar.  It's not a subpoena.  It's a

10   request.  Granted it's under a different provision of Section

11   230, but it too is not a subpoena.

12        What's your authority for the proposition that while

13   an Article 78 proceeding was a viable route in *Michaelis,* it's

14   not here?

15        MR. SIMON:  *Michaelis*, again, involved an

16   administrative order, Judge.

17        THE COURT:  I understand.

18        What is your authority for the proposition that you

19   could not bring an Article 78 proceeding with respect to the

20   letter your client received in this case?

21        MR. SIMON:  There is no case that says that I cannot

22   bring an Article 78 proceeding.  There is the statute that says

23   that I can only bring an Article 78 proceeding if they either

24   exceed -- under, one, if they exceed their powers on subject

25   matter jurisdiction or if there is an administerial act

1    requiring them to do something, and under this letter, I don't

2    have either.

3           THE COURT:  Isn't the nature of your argument, that

4    the defendants lack legal authority to make the request that

5    they made in the form of the letter?  Why is that not something

6    that you could challenge in that form?

7           MR. SIMON:  The nature of my argument is the manner in

8    which they're doing it violates the Fourth Amendment.

9           THE COURT:  Does anyone have anything to say at the

10   back table?

11          MS. UVAYDOV:  Yes.  Your Honor, we keep going back and

12   forth on whether an Article 78 is available.  And the problem

13   is that plaintiff brought this lawsuit and made this facial

14   challenge before ever attempting to bring an Article 78.

15          Now, the reason why we have somebody from the DOH, in

16   addition to assisting me with the understanding of how these

17   things work, is we have spoken to the Department of Health, and

18   they are willing to hold off on any kind of enforcement or

19   misconduct while this issue gets clarified and there is a

20   ruling on this.

21          So maybe the proposal would be to decline an order to

22   sign the order to show cause right now and direct plaintiff to

23   attempt to get an Article 78 or proceed by an Article 78.

24          THE COURT:  If what you're telling me is that you're

25   consenting not to take any action in connection with the

1    letter, then I think that that's effectively the relief that is

2    being sought at this time and it moots the preliminary

3    injunction altogether and we can just proceed in the normal

4    course.

5         Am I missing something?

6         MS. UVAYDOV:  No, because our position is still that

7    it should not be an action in federal court; that these things

8    should be actions in state court.

9         THE COURT:  And then I think your remedy on that score

10   is to file a motion to dismiss saying that on its face there is

11   no claim here because he's entitled to due process under state

12   law, namely, in the form of an Article 78 proceeding.

13        The question right now is not who's right about the

14   ultimate litigation.  It's what to do with the motion for

15   preliminary injunction.  If you're telling me that you're

16   consenting to not take any action, then I think it moots the

17   need for a preliminary injunction.  Then we can proceed to the

18   next course of the litigation.

19        MS. UVAYDOV:  I don't know if my client would be

20   willing to make that stipulation until the end of the

21   litigation.  So, if anything, I would like a few minutes to

22   confer, because my understanding was he was willing to do it

23   until this preliminary injunction issue was decided.  Can we

24   have a couple of minutes to confer with my client?

25        THE COURT:  Sure.  I'll stay on the bench in the

1   meantime.

2                (Counsel conferred)

3                MS. UVAYDOV:  Thank you so much for the break.

4                THE COURT:  Okay.

5                MS. UVAYDOV:  So I have spoken with the DOH, and they

6    are willing to agree to extend the time to respond to the

7    letter until this case is decided in its entirety before trying

8    to enforce the letter or bring any kind of charges.

9                THE COURT:  All right.

10               MS. UVAYDOV:  At the same time, I would like to

11   reiterate that it might be the most efficient course of action

12   to stay the current pending action instead of doing briefing on

13   whether theoretically an Article 78 is available to plaintiff

14   or not and actually have plaintiff go to state court to have

15   them determine if an Article 78 is available.

16               THE COURT:  Let me say the following, thinking a

17   little bit out loud:  I think in light of that representation,

18   I would be inclined to deny the application for a preliminary

19   injunction as moot based on the representation on the record

20   that defendants will not take any action with respect to

21   plaintiff with respect to his compliance or lack thereof with

22   the letter at issue pending resolution of this case.  In light

23   of that, I don't see how a preliminary injunction would be

24   appropriate.

25               If everybody is in agreement about that, I think we

1    can basically let the case proceed in the normal course.  The

2    next step would be proper service on the defendants.  And then

3    the defendants would have an opportunity to respond to the

4    complaint, either by way of an answer, in which case we would

5    reconvene and talk about a discovery schedule.

6         And I would anticipate and assume there might be the

7    latter, namely, a motion, saying that under state law an

8    Article 78 proceeding is available under state law and that

9    that provides all of the process that the plaintiff is due, and

10   in light of that, the case should be dismissed.

11        In either case, Mr. Simon, my recommendation to you

12   would be to perhaps seek relief under Article 78.  If it turns

13   out that the state court won't entertain that application under

14   Article 78, I think it would strengthen your argument here and

15   you would be in a much better position and have some pretty

16   good authority that an Article 78 proceeding is not an

17   available form of pre-compliance review.

18        If the court does entertain your challenge under

19   Article 78, then you will have gotten the relief that you're

20   ultimately seeking I would think.  So in either case, I would

21   think that that might be the way you should go.

22        Am I missing something?

23        MR. SIMON:  That's something right now definitely to

24   think about after this conference, Judge.  I will not burden

25   the Court with more work than it already has.  I'm going to be

1    looking at the case law very carefully, and I will be talking

2    to the Attorney General.  We're colleagues.  We've been in the

3    *Cameron* case together.

4              THE COURT:  I saw that.

5              MR. SIMON:  We know each other for a while.  So I will

6    be talking to them about how to proceed.  I'm going to be

7    thoroughly researching that avenue.

8              THE COURT:  So does everybody agree with what I've

9    sketched out as the way to proceed?  Namely, I'll deny as moot

10   the preliminary injunction request on the grounds that there is

11   a representation on the record, and then we'll proceed in the

12   normal course with service and whatever follows.

13             MR. SIMON:  Yes.

14             MS. UVAYDOV:  Yes, your Honor.

15             THE COURT:  Great.  That was a fruitful and helpful

16   discussion.  So depending on where things go, I may see you

17   again.  In the meantime, I would certainly encourage you to

18   talk to one other and, A, figure out if there is a way of

19   resolving this, and B, if there might be a more sensible forum,

20   namely, an Article 78 proceeding.

21             If not, if the answer to both of those questions is

22   no, then I presume I will see you again, either in person or in

23   writing, and would urge to you make sure you follow the local

24   rules and my rules with respect to any future submissions.

25   Thank you very much.  We are adjourned.

1          MR. HERSHLER:  Your Honor, I just want to clarify one

2     thing for the record.  Henry Weintraub is not here as an

3     attorney.  He is here on behalf of the Health Department.

4          MR. WEINTRAUB:  I'm here more as a party than as

5     counsel, just for clarification purposes.

6          THE COURT:  I appreciate that.  In that case, you do

7     not need to confirm that you're a member of the bar or enter a

8     notice of appearance.  I didn't realize that.

9          You said you were here for moral support.  I thought

10    that your colleague there was frightened of me and needed some

11    assistance.

12         In that case, I welcome you and retract what I said

13    before.

14         Thank you very much.  We are adjourned.

15         (Adjourned)

16

17

18

19

20

21

22

23

24

25